JUSTICE O’MALLEY, specially concurring: I write separately because I disagree with the majority’s decision to adopt the flawed reasoning expressed in Volkmar. As the majority notes, Volkmar states that postconviction petitions should not be summarily dismissed at the second stage because, once a petition has reached the second stage and counsel has been appointed, frivolity review would be redundant with the mandate from Rule 137 that counsel certify that filed pleadings are well grounded in fact and law. 381 Ill. App. 3d at 182-83; see Volkmar, 363 Ill. App. 3d at 672-73. Thus, according to Volkmar, “once counsel has been appointed, any dismissal of the petition should be by adversary process, *** not done sua sponte and summarily by the circuit court.” (Emphasis added.) Volkmar, 363 Ill. App. 3d at 773. This is wrong. Contrary to the reasoning in Volkmar, the circuit court’s power to dismiss a postconviction petition summarily does not hinge on the question of whether counsel has been appointed; it hinges on the status of the petition. Quite simply, a petition in the first stage of postconviction proceedings may be dismissed summarily; a petition that has advanced past the first stage may not be dismissed summarily. Volkmar’s erroneous reliance on the presence of counsel suggests at least two results that contravene the Act. First, under Volkmar, a petition filed by retained counsel at the first stage could not be dismissed summarily at the first stage, because the petition would bear the certification of counsel pursuant to Rule 137. Second, if a defendant were to elect to proceed pro se after his petition survived first-stage review, Volkmar would allow the trial court to dismiss his petition summarily at either stage two or stage three, because the petition would lack the certification of counsel pursuant to Rule 137. The basis for Volkmar’s reasoning is that, once counsel has been retained or appointed, the certification requirements of Rule 137 apply, and a court will thereby have the necessary assurance that a petition is not frivolous. However, Rule 137 does not govern only attorneys. It provides that “[a] party who is not represented by an attorney shall sign his pleading ***. *** The signature of an attorney or party constitutes a certificate by him that *** [the pleading] is well grounded in fact and is warranted by existing law.” (Emphasis added.) 155 Ill. 2d R. 137. Thus, Rule 137 does not supply any basis to distinguish pro se petitions from those filed with the assistance of counsel, and Volkmar’s reliance on it is misplaced. The majority deems Volkmar’s reasoning “persuasive” (381 Ill. App. 3d at 182), declares that it “agree[s] with the Volkmar court” (381 Ill. App. 3d at 183), and echoes the sentiment from Volkmar that “[t]he presence of counsel once a defendant gets beyond [the] first stage *** obviates the need for judicial review for frivolity” (381 Ill. App. 3d at 183). The majority follows these endorsements of Volkmar with the hollow assurance that its discussion “is not intended to supplant any of the bright-line rules set forth in the Act” and the incongruous (albeit correct) explanation that “a trial court may dismiss a petition as frivolous or patently without merit during stage one and not thereafter, regardless of whether counsel is involved in the case.” 381 Ill. App. 3d at 183. These statements, which appear as an afterthought in the penultimate paragraph of the majority opinion, fall flat in light of the majority’s actual reasoning. In my view, the majority should rely on the Act, not Volkmar, to reach the result that defendant’s petition should be remanded for second-stage postconviction proceedings.